IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA MATTHEW CLECKLER, AIS 274764, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:24-cv-334-RAH-SMD ) (WO) |
| ANTONIO MCCLAIN, *et al.,* | ) ) |
| Respondents. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Joshua Matthew Cleckler on March 26, 2024.[1] Doc. 1. Cleckler attacks his January 2024 Chilton County guilty plea conviction and sentence for theft of property in the first degree, in violation of Ala. Code § 13A-8-3. He presents claims challenging the legality of his sentence, the trial court's jurisdiction, and the effectiveness of his trial counsel. On June 5, 2024, this court directed Respondents to answer Cleckler's petition. Doc. 6.

In their answer (Doc. 11), Respondents contend that Cleckler has failed to exhaust his state court remedies for the claims in his petition and that he may still present his claims to the state courts in a petition for post-conviction relief under Rule 32 of the Alabama

---

[1] Cleckler filed his petition in the United States District Court for the Northern District of Alabama. That court transferred his petition to this court on May 22, 2024. Doc. 4.

Rules of Criminal Procedure. Respondents argue that Cleckler's § 2254 petition should therefore be dismissed without prejudice so he can exhaust his unexhausted claims. *Id.*

In light of Respondents' answer, the court entered an order allowing Cleckler to demonstrate why his petition should not be dismissed for his failure to exhaust. Doc. 12. Cleckler did not respond. As explained below, the Magistrate Judge RECOMMENDS that Cleckler's petition be DISMISSED WITHOUT PREJUDICE to allow him to exhaust his state court remedies.

## II.  DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that the petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In Alabama, a complete round of the established appellate process for direct review includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones,* 256 F.3d 1135, 1140–41 (11th

Cir. 2001); Ala. R. App. P. 39 and 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The record reflects that Cleckler has not exhausted his state court remedies for the claims in his § 2254 petition. He did not file a direct appeal. Nor has he filed a state petition for post-conviction relief under Rule 32, Ala. R. Crim. P.—where he may still present his claims of ineffective assistance of counsel. Generally, the first time a defendant can reasonably raise a claim of ineffective assistance of counsel in Alabama courts is in a Rule 32 petition. *See Ex parte Ingram*, 675 So.2d 863, 865–66 (Ala. 1996); *V.R. v. State*, 852 So. 2d 194, 201–02 (Ala. Crim. App. 2002). Cleckler did not file a direct appeal. He is advised that under Ala. R. Crim. P. 32.2(c)(2), a Rule 32 petition must be filed within one year after the time for filing a direct appeal has lapsed. If Cleckler receives an adverse ruling from the trial court on a timely Rule 32 petition, he may then exhaust his ineffective-assistance claims by seeking review of the trial court's decision in the Alabama appellate courts.[2] *See Smith*, 256 F.3d at 1140–41.

This court does not deem it appropriate to rule on Cleckler's claims without first allowing him to exhaust the remedies available in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Nor does it appear that a stay is warranted, as there is nothing before this court that indicates good cause exists for Cleckler's failure to exhaust his claims first in

---

[2] As indicated above, the exhaustion requirement applies to state post-conviction proceedings (e.g., under Ala. R. Crim. P. 32) and to direct appeals alike. *See Pruitt*, 348 F.3d at 1359.

state court before filing this petition. *See Rhines v. Weber*, 544 U.S. 269 (2005). The court therefore concludes this § 2254 petition should be dismissed without prejudice so Cleckler may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

## III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Cleckler to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **August 21, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of August 2024.

   /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE